UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
Case No.: _____

MADELIN LORENZO,                                 )
                                                 )
                Plaintiff,                       )
                                                 )
v.                                               )
                                                 )
KZMYA HOSPITALITY LLC,                           )
TRIXIE BELO OSAGIE,                              )
BENITAH SOLUTIONS LLC d/b/a                      )
Humanzlab,                                       )
BENJAMIN COLLINS,                               )
TIYAN HOSPITALITY LLC f/k/a Miami               )
Hedonist LLC, and                               )
IMUETIYAN ALILE a/k/a Tiyan Alile,              )
                                                 )
                Defendants.                      )
_____)

## COMPLAINT

Plaintiff MADELIN LORENZO (the "Plaintiff") sues Defendants KZMYA HOSPITALITY LLC, TRIXIE BELO OSAGIE, BENITAH SOLUTIONS LLC d/b/a Humanzlab, BENJAMIN COLLINS, TIYAN HOSPITALITY LLC f/k/a Miami Hedonist LLC, and IMUETIYAN ALILE a/k/a Tiyan Alile (collectively, the "Defendants") and alleges:

### I.      JURISDICTION

1.      This is an action for unlawful retaliation under 42 U.S.C. § 1981; the Fair Labor Standards Act, 29 U.S.C. § 201-219 (Section 216 for jurisdictional placement) (the "FLSA"); and Section 448.102, Florida Statutes.

2.      This is also an action to recover unpaid wages and attorney's fees and costs under Florida common law and Florida Statutes § 448.08.

THE SAENZ LAW FIRM PA (WWW.LEGALOPINIONUSA.COM)

20900 NE 30th Avenue, Suite 800          Telephone: 305.482.1475
Aventura, Florida 33180                  www.Cash4myCase.com

1

3.     This Court has supplemental jurisdiction over the related state law claims pursuant to 28 U.S.C. § 1367(a) because those claims form part of the same case or controversy under Article III of the United States Constitution. Plaintiff's state law claims share all common operative facts with their federal law claims, and the parties are identical. Resolving Plaintiff's federal and state claims in a single action serves the interests of judicial economy, convenience, consistency, and fairness to the parties.

## II.     VENUE

4.     The Defendant KZMYA HOSPITALITY LLC ("KH") is a Florida limited liability company duly authorized and existing under the laws of the State of Florida and conducting business in Miami-Dade County, Florida.

5.     The Defendant BENITAH SOLUTIONS LLC d/b/a Humanzlab ("BS") is a Florida limited liability company duly authorized and existing under the laws of the State of Florida and conducting business in Miami-Dade County, Florida.

6.     The Defendant TIYAN HOSPITALITY LLC f/k/a Miami Hedonist LLC ("TH") is a Florida limited liability company duly authorized and existing under the laws of the State of Florida and conducting business in Miami-Dade County, Florida.

7.     Upon information and belief, Defendant TRIXIE BELO OSAGIE ("Osagie") is a resident of Miami-Dade County, Florida, within the jurisdiction of this Honorable Court. Osagie is a covered employer for purposes of the FLSA.

8.     Osagie has previously been named a Defendant in cases involving violations of the FLSA. Osagie is an owner and officer of KH.

9.     Upon information and belief, Defendant BENJAMIN COLLINS ("Collins") is a resident of Miami-Dade County, Florida, within the jurisdiction of this Honorable Court.

Collins is a covered employer for purposes of the FLSA. Collins is an owner and officer of BS.

10. Upon information and belief, Defendant IMUETIYAN ALILE a/k/a Tiyan Alile ("Alile") is a resident of Miami-Dade County, Florida, within the jurisdiction of this Honorable Court. Alile is a covered employer for purposes of the FLSA. Alile is an owner and officer of TH.

11. The Plaintiff is a resident of Miami-Dade County, Florida, within the jurisdiction of this Honorable Court. The Plaintiff is a covered employee for purposes of the FLSA.

12. The acts or omissions giving rise to this Complaint occurred in whole or in part in Miami-Dade County, Florida.

13. The employment records of the Plaintiff are stored or have been administered, in Miami-Dade County, Florida.

### III.    JOINT EMPLOYMENT

14. Defendants KH, TH and BS (collectively the "Corporate Defendants") share common ownership, common management, centralized control of labor relations, and common offices and interrelated operations. The Corporate Defendants are an integrated enterprise under the law. Alternatively, each company is an enterprise under the law and each company is an agent of each other.

15. At all times relevant, the Corporate Defendants shared employees or interchanged employees; worked in the direct interest of one another; and their employees were in the common control of the Corporate Defendants. The Corporate

Defendants are joint employers. Alternatively, each company is an enterprise under the law and each company is an agent of each other.

16.     Each Corporate Defendant is sued individually, as a joint enterprise, as joint employers, and as agents of each other.

## IV.     GENERAL ALLEGATIONS COMMON TO ALL COUNTS

17.     Hamptons West Condominium Association, Inc. and Hamptons South Condominium Association, Inc. entered into a contract with KH (the "Hamptons Contract") for the management of a private restaurant called "Hamptons Restaurant and Lounge" or "Hamptons Club" (the "Restaurant").

18.     KH and Osagie then hired with TH, Alile, BS, and Collins to help in the operation of all aspects of the Restaurant and to fulfill the terms of the Hamptons Contract.

19.     Specifically, TH, Alile, BS, and Collins became agents and representatives of KH and Osagie and they also became the highest-ranking persons in managerial positions in charge of running the Restaurant for KH. TH and Alile were primarily responsible for managing the kitchen of the Restaurant, and of purchasing food and alcohol for the restaurant. Similarly, BS and Collins were primarily responsible for managing payroll and KH's human resources department.

20.     Sometime in August of 2024, the position of General Manager ("GM") for the Restaurant opened up.

21.     BS then recruited Plaintiff and Plaintiff had a job interview for the GM position with Elene, an employee and agent of BS and of with Alile. Once she passed the job interview, Osagie and Collins hired Plaintiff as GM for the Restaurant on or about September 8, 2024.

22.     At hiring, Collins, on behalf of the Defendants, offered Plaintiff a salary of $85,000 per year, with a guaranteed raise to $95,000 plus commissions after three months. Plaintiff accepted this offer.

23.     Alile, on behalf of the Defendants, offered Plaintiff $1,500 per event as allowance to pay for expenses related to events that Defendants were going to host as part of the Hamptons Contract. Plaintiff also accepted this offer.

24.     Plaintiff began to physically work at the Restaurant on or about September 11, 2024.

25.     Soon after, Plaintiff discovered that the Restaurant was operating with a suspended liquor license and noticed an unusual payment of over $12,000 from the Restaurant to Alile.

26.     Plaintiff became suspicious and requested to see financials since 2024.

27.     Later, on or about October 12, 2024, health inspectors came to the Restaurant and issued citations for violations relative to bartenders not being certified, the kitchen not having the necessary certifications, and maintenance issues.

28.     One or two weeks later, Plaintiff also uncovered certain abnormalities with the Restaurant including licensing issues; vendors not being paid; minors working at the bar; expired permits; the hiring of undocumented workers; complaint from employees about race, sex, pregnancy, and age discrimination; and complaints from employees about their tips and wages being tampered and altered by the Defendants, which resulted in non-payment or underpayment of minimum and overtime wages.

29.     Plaintiff immediately brought up her findings, the licensing issues, and the allegations of discrimination and wage violations to Osagie and to Collins. Plaintiff

demanded that the Defendants investigate these issues and take swift action to correct them.

30.     In response, Osagie and Collins, assured Plaintiff that they would address all her concerns, including Alile's personal involvement in discriminating against employees and tampering with their wages.

31.     However, nothing changed. In fact, after Plaintiff's complaints, Alile began micromanaging Plaintiff's work, began showing up at the Restaurant after hours to change the settings in the POS system, began to order liquor from outside vendors and paying for it with a credit card, began to come early at the Restaurant and steal food from the cooler for her own personal or commercial use, made a deal with a bartender to pay Alile bonuses on altered tips, altered the inventory in the system, the tampering of wages resulting in non-payment of minimum and overtime wages continued, and Alile began changing employees' hours without Plaintiff's consent.

32.     Plaintiff became outraged at these clear acts of retaliation and continued violations of law, and she complained about Alile's retaliatory actions and violations of law to Osagie, Collins, BS and KH. Plaintiff specifically told Osagie, Collins, BS, and KH that she refused to work in a Restaurant operating with expired licensing issues; that allowed tampering with employees' wages, which resulted in non-payment of minimum and overtime wages; that allowed minors working at the bar; that allowed undocumented workers to work; and that allowed sex, age, race, and pregnancy discrimination.

33.     In an effort to appease her, Osagie told Plaintiff that she was going to fire Alile, Collins, BS and TH. Osagie also told Plaintiff that she was going to pay her an

additional $5,000 per year if she took over Defendants' payroll and human resources roles as part of Plaintiff's position.

34.     On October 22, 2024, Plaintiff complained in writing to the Corporate Defendants that Alile was tampering with employees' wages, tips, minimum wages, overtime, and timesheets. Plaintiff also complained about Defendants engaging in race discrimination against the employees working at the Restaurant and threatened to go file an official complaint with the EEOC. The next day, Collins and Osagie met with Plaintiff, and she verbally reiterated her complaints to them.

35.     On Monday, October 28, 2024, Plaintiff discovered that Defendants had not run payroll for the employees of the Restaurant and complained about it. Specifically, Plaintiff demanded that Defendants timely pay their employees according to the FLSA.

36.     In response, and following Plaintiff's other numerous complaints, Defendants retaliated against Plaintiff by terminating her employment after hours on October 28, 2024.

37.     On or about October 30, 2024, Plaintiff requested to be paid her salary for her last two weeks of employment ($85,000/ 52 = $1,634.62 x 2 = $3,269.23) and to be reimbursed the amount of $1,125.20 for expenses she had incurred for the benefit of Defendants.

38.     In a further show of retaliation, Defendants initially outright refused to pay Plaintiff any of her wages and to reimburse her the costs she incurred.

39.     Later, KH paid Plaintiff the amount of $940.67, which is less than what Defendants owe Plaintiff.

40. The Plaintiff performed her work admirably and her work ethic was always praised. Osagie, KH, Alile, TH, BS, and Collins closely supervised Plaintiff's work daily.

41. All conditions precedent to bringing this action have occurred, been performed or been excused.

42. The Plaintiff has retained the undersigned counsel in order that her rights and interests may be protected. The Plaintiff has become obligated to pay the undersigned a reasonable attorneys' fee.

## COUNT I: RETALIATION – FLSA – WAGE RELATED COMPLAINTS

43. The Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-42 above as if set out in full herein.

44. The Plaintiff is a covered employee for purposes of the Act.

45. The Defendants willfully and intentionally refused to properly pay minimum and overtime wages to the employees at the Restaurant. Plaintiff supervised these employees. In addition, Defendants tampered with payroll records of their employees.

46. Section 206(a)(3) of the Act states that it shall be unlawful for any person "to discharge or in any manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this chapter, or has testified or is about to testify in such proceeding . . . ."

47. The Plaintiff complained about Defendants' payroll violations, tampering of wages and records, and about the unpaid minimum and overtime wages of the employees at the Restaurant.

48.     On or about October 28, 2024, Defendants terminated Plaintiff's employment.

49.     The motivating factor, which caused the Plaintiff's discharge as described above, were the complaints seeking the payment of overtime and minimum wages from the Defendants and the complaints about unlawful payroll practices. In other words, the Plaintiff would not have been fired but for her opposition to Defendants' illegal payroll practices and her complaints about unpaid overtime and minimum wages.

50.     The Defendants' termination of the Plaintiff was in direct violation of 29 U.S.C. § 215(a)(3) and, as a direct result, the Plaintiff has been damaged.

**WHEREFORE**, the Plaintiff requests that this Honorable Court:

a.  Enter a judgment against the Defendants for all back wages from the date of discharge to the present date and an equal amount of back wages as liquidated damages, attorneys' fees, costs, and;

b.  Order reinstatement and promotion and injunctive relief prohibiting the Defendants from discriminating in the manner described above, emotional distress and humiliation, and pain and suffering, front wages, as well as other damages recoverable by law under 29 U.S.C. § 216(b).

### COUNT II: RACE DISCRIMINATION (RETALIATION) – 42 U.S.C.A. § 1981

51.     The Plaintiff adopts and incorporates by reference the allegations in paragraphs 1 to 42 of this Complaint.

52.     The Plaintiff and her co-workers, some employees of Defendants at the Restaurant, are members of a protected class of White Hispanic citizens and other non-black citizens (the "Protected Class of Employees").

53. At all times relevant, the Protected Class of Employees were in a contractual relationship with the Defendants within the meaning of 42 U.S.C.A. § 1981, as amended.

54. During the course of the Plaintiff's employment with Defendants, Plaintiff specifically complained to Defendants about race discrimination perpetrated by Alile against the Protected Class of Employees, including Plaintiff.

55. In response, Defendants terminated Plaintiff's employment thereby depriving her of right to the enjoyment of all benefits, privileges, terms and conditions of her employment contract, in violation of 42 U.S.C.A. § 1981(b), as amended.

56. Defendants knowingly and willfully violated the law. Defendants acted with malice and with reckless indifference to the Plaintiff's rights and emotional and physical well-being.

57. As a direct and proximate result of the foregoing, the Plaintiff has suffered embarrassment, humiliation, emotional distress, and other forms of damage.

58. The Plaintiff has suffered damages of an on-going and continuous nature.

**WHEREFORE**, the Plaintiff requests that this Honorable Court:

a. Enter judgment in the Plaintiff's favor and against the Defendants for their violations of 42 U.S.C.A. § 1981, as amended;

b. Award the Plaintiff actual damages suffered;

c. Award the Plaintiff compensatory damages under 42 U.S.C.A. § 1981 for the embarrassment, anxiety, humiliation and emotional distress the Plaintiff has suffered;

d. Award the Plaintiff prejudgment interest on his damages award;

e. Award Plaintiff punitive damages;

f.  Enjoin the Defendants, its officers, agents, employees and anyone acting in concert with them, from discriminating, harassing and retaliating against the Plaintiff and any employee;

g.  Award the Plaintiff reasonable costs and attorneys' fees; and

h.  Grant the Plaintiff such other and further relief as this Court deems equitable and just.

### COUNT III: RETALIATION – FPWA 448.102(3) – LICENSING ISSUES

59.    The Plaintiff re-alleges and incorporates the allegations set forth above in paragraphs 1-42 as if fully set forth herein.

60.    Florida Statutes provide:

448.102  Prohibitions.—An employer may not take **any** retaliatory personnel action against an employee because the employee has:

(3)   Objected to, or refused to participate in, any activity, policy, or practice of the employer which is in violation of a law, rule, or regulation (emphasis added).

61.    The Plaintiff refused to work in a Restaurant operating and selling alcohol with an expired or suspended license.

62.    Operating a Restaurant and selling alcohol with an expired or suspended license is a violation of Florida law.

63.    The Corporate Defendants fired the Plaintiff because she refused to work in a Restaurant operating and selling alcohol with an expired or suspended license.

64.    The firing of the Plaintiff is a wrongful act in violation of the Florida Whistle-blower's Act, Section 448.102, Florida Statutes.

65.     As a direct result of the Corporate Defendants' unlawful actions, the Plaintiff has been damaged.

**WHEREFORE**, the Plaintiff requests that this Honorable Court:

a. Reinstate the Plaintiff to the same position held before the Corporate Defendants' retaliatory action against the Plaintiff, or to an equivalent position;

b. Reinstate the Plaintiff's full fringe benefits and seniority rights;

c. Award compensation for lost wages, benefits, mental damages, and other remuneration;

d. Order payment by the Corporate Defendants of the Plaintiff's reasonable costs and attorney's fees of this action pursuant to Section 448.104, Florida Statutes;

e. Issue an order prohibiting the Corporate Defendants from discharging individuals who refuse to engage in or object to practices which violate Florida law; and

f. Order such further relief as the Court deems just and proper.

## COUNT IV: RETALIATION – FPWA 448.102(3) – EMPLOYMENT OF MINORS

66.     The Plaintiff re-alleges and incorporates the allegations set forth above in paragraphs 1-42 as if fully set forth herein.

67.     Florida Statutes provide:

448.102   Prohibitions.—An employer may not take **any** retaliatory personnel action against an employee because the employee has:

(3)   Objected to, or refused to participate in, any activity, policy, or practice of the employer which is in violation of a law, rule, or regulation (emphasis added).

68.     The Plaintiff refused to work in a Restaurant that allows minors to work at the Restaurant's bar.

69.     In Florida, it is unlawful for a Restaurant that sells alcohol to employ any person under 18 years of age.

70.     The Corporate Defendants fired the Plaintiff because she refused to work in a Restaurant that employed minors to work at the Restaurant's bar.

71.     The firing of the Plaintiff is a wrongful act in violation of the Florida Whistle-blower's Act, Section 448.102, Florida Statutes.

72.     As a direct result of the Corporate Defendants' unlawful actions, the Plaintiff has been damaged.

**WHEREFORE**, the Plaintiff requests that this Honorable Court:

a.  Reinstate the Plaintiff to the same position held before the Corporate Defendants' retaliatory action against the Plaintiff, or to an equivalent position;

b.  Reinstate the Plaintiff's full fringe benefits and seniority rights;

c.  Award compensation for lost wages, benefits, mental damages, and other remuneration;

d.  Order payment by the Corporate Defendants of the Plaintiff's reasonable costs and attorney's fees of this action pursuant to Section 448.104, Florida Statutes;

e.  Issue an order prohibiting the Corporate Defendants from discharging individuals who refuse to engage in or object to practices which violate Florida law; and

f.  Order such further relief as the Court deems just and proper.

## COUNT V: RETALIATION – FPWA 448.102(3) – UNDOCUMENTED WORKERS

73.     The Plaintiff re-alleges and incorporates the allegations set forth above in paragraphs 1-42 as if fully set forth herein.

74.     Florida Statutes provide:

448.102 Prohibitions.—An employer may not take **any** retaliatory personnel action against an employee because the employee has:

(3) Objected to, or refused to participate in, any activity, policy, or practice of the employer which is in violation of a law, rule, or regulation (emphasis added).

75. The Plaintiff refused to work in a Restaurant that allows undocumented workers to work.

76. In Florida, it is unlawful for a Restaurant to employ, hire, or recruit an alien who is not duly authorized to work by the immigration laws or the Attorney General of the United States.

77. The Corporate Defendants fired the Plaintiff because she refused to work in a Restaurant that permitted the employment of undocumented workers who are not authorized to work under the laws of the United States.

78. The firing of the Plaintiff is a wrongful act in violation of the Florida Whistle-blower's Act, Section 448.102, Florida Statutes.

79. As a direct result of the Corporate Defendants' unlawful actions, the Plaintiff has been damaged.

**WHEREFORE**, the Plaintiff requests that this Honorable Court:

a. Reinstate the Plaintiff to the same position held before the Corporate Defendants' retaliatory action against the Plaintiff, or to an equivalent position;

b. Reinstate the Plaintiff's full fringe benefits and seniority rights;

c. Award compensation for lost wages, benefits, mental damages, and other remuneration;

d. Order payment by the Corporate Defendants of the Plaintiff's reasonable costs and attorney's fees of this action pursuant to Section 448.104, Florida Statutes;

e. Issue an order prohibiting the Corporate Defendants from discharging individuals who refuse to engage in or object to practices which violate Florida law; and

f. Order such further relief as the Court deems just and proper.

### COUNT VI: UNPAID WAGES (COMMON LAW) – 448.08

80. The Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-42 above as if set out in full herein.

81. At all times material hereto, the Plaintiff was an employee of the Corporate Defendants.

82. The Plaintiff was employed by the Corporate Defendants as a General Manager.

83. The Plaintiff worked as a General Manager for the Corporate Defendants from approximately September 2024 through October 29, 2024. The Plaintiff rate of pay was $1,634.62 per week, or $85,000 per year.

84. This is an action in common law.

85. The Corporate Defendants failed to pay the Plaintiff wages due to her. Specifically, the Corporate Defendants paid only $940.67 to Plaintiff when they should have paid her $3,269.23. As a result, Corporate Defendants owe Plaintiff the amount of

$2,328.56 plus the reimbursement of expenses in the amount of $1,125.20, for a total amount of $3,453.76.

86.     Pursuant to Section 448.08, Florida Statutes, the Plaintiff is entitled to recover costs of this action and a reasonable attorney's fee.

**WHEREFORE**, the Plaintiff requests that this Honorable Court:

a.  Award the Plaintiff unpaid wages found to be due and owing;

b.  Award the Plaintiff prejudgment interest;

c.  Award the Plaintiff reasonable attorney's fee and costs pursuant to Fla. Stat. § 448.08; and

d.  Order such other relief as this Court deems just and equitable.

### COUNT VII: UNPAID WAGES (BREACH OF CONTRACT) – 448.08

87.     The Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-42 above as if set out in full herein.

88.     At all times material hereto, the Plaintiff was an employee of the Corporate Defendants.

89.     The Plaintiff was employed by the Corporate Defendants as a General Manager.

90.     The Plaintiff worked as a General Manager for the Corporate Defendant from approximately September 2024 through October 29, 2024.

91.     The Plaintiff and the Corporate Defendants entered into a verbal agreement in which Corporate Defendants agreed to pay Plaintiff $1,634.62 per week, or $85,000 per year plus the reimbursement of expenses.

92.     The Plaintiff fulfilled her end of the verbal agreement.

93.     The Corporate Defendants breached the agreement and did not pay the Plaintiff in full for at least 2 weeks of employment and failed to reimburse Plaintiff for her expenses. Specifically, Corporate Defendants paid only $940.67 to Plaintiff when they should have paid her $3,269.23. As a result, Corporate Defendants owe Plaintiff the amount of $2,328.56 plus the reimbursement of expenses in the amount of $1,125.20, for a total amount of $3,453.76.

94.     As a result, the Plaintiff has been damaged.

**WHEREFORE**, the Plaintiff requests that this Honorable Court:

a.  Award the Plaintiff unpaid wages found to be due and owing;

b.  Award the Plaintiff prejudgment interest;

c.  Award the Plaintiff reasonable attorney's fee and costs pursuant to Fla. Stat. § 448.08; and

d.  Order such other relief as this Court deems just and equitable.

<u>**JURY TRIAL DEMAND**</u>

The Plaintiff and those similarly situated demand trial by jury of all issues so triable as of right.

Dated: March 21, 2025.

Respectfully submitted,

**By:__/s/ R. Martin Saenz**
R. Martin Saenz, Esquire
Fla. Bar No.: 0640166
Email: msaenz@saenzanderson.com
THE SAENZ LAW FIRM, P.A.
20900 NE 30th Avenue, Ste. 800
Aventura, Florida 33180
Telephone: (305) 482-1475
*Counsel for Plaintiff*